PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO
PÉREZ ENRÍQUEZ, Defendant and Appellant.

No. 4754. Argued November 9, 1932.—Decided January 20, 1933.

*L. Santiago Carmona* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The Health Inspector for the District of Dorado filed a complaint against Antonio Pérez Enríquez for a violation of section 41 of Health Regulation No. 7, approved September 25, 1912, committed as follow's:

"That on the first days of May, 1931, on Muñoz Rivera Street of Toa Baja, P. R., in the Municipal Judicial District of Toa Alta, P. R., which forms part of the judicial district of Bayamón, P. R., the said defendant, Antonio Pérez Enríquez, a licensed plumber, wilfully and maliciously violated section 41 of Health Regulation No. 7, approved September 25, 1912, in that he connected jointly to the street sewer the plumbing of two houses owned by Ceferino Huertas and located on Muñoz Rivera Street of Toa Baja, P. R., instead of connecting them separately as provided by the above mentioned regulation."

The defendant was convicted in the municipal court and he appealed to the district court. After a trial *de novo* and

after the judge had made an inspection of the premises the defendant was convicted again, and sentenced to pay a fine of $5. Thereupon he appealed.

His brief contains no assignment of errors, but a reading thereof readily shows that his contention is that the complaint does not charge a public offense, first, because section 41 of Health Regulation No. 7 is merely directory and its violation is not made punishable by its terms; and second, because in the event that any responsibility for said violation were involved, such responsibility would fall upon the owner of the houses and not upon the appellant, who is a mere plumber in respect of whom the Regulations prescribe penalties to be imposed administratively.

There is no bill of exceptions, statement of the case, or transcript of the evidence in this case. We know the complaint. Section 41, on which the prosecution herein is based, reads as follows:

"Section 41.—Installations.—The plumbing and drainage of any building shall be connected separately, by itself, to the public sewer, if any, and in default thereof, to a septic tank or drain. If there be no street sewer and it becomes necessary to build a private one to connect with a sewer on another street, the plans thereof shall be submitted to the Director of Health for his approval."

We think that a slight examination of this section is sufficient to reject the first contention made by the appellant. As the section provides that the plumbing and drainage of any buildings must be connected to the public sewer separately, the act of connecting the sanitary installations of two houses jointly to said sewer clearly violates the section.

Let us consider the second question raised. It is true that section 15 of the Regulations provides that master plumbers who are guilty of violating the Regulations or who perform any work not in accordance with the plans presented shall have their licenses suspended, but this does not mean that they are exempt from the penalty generally fixed by the statute for violations of the Regulations. If an owner

of two houses directs that only one connection be made, he violates section 41, and so does the plumber who performs the work and whose action may be punished by the imposition of the proper penalty, under the law, and by an administrative suspension of his license in accordance with section 15 of the Regulations.

As regards the enforceability of the Regulations, it will suffice to refer to section 14 of the Insular Sanitation Act (Comp. Stat. 1911, sec. 977), which in its pertinent part provides:

"It shall be the duty of the Insular board of health to prescribe the sanitary regulations and ordinances applicable in all the municipalities of Porto Rico with a view to preventing and suppressing . . . and dealing with any other service affecting public health such as . . . construction of buildings within the town, ventilation, drainage and sanitary plumbing installations. . .";

to section 32 of said Act (Comp. Stat. 1911, sec. 995), which prescribes:

"That any person violating any sanitary regulation put in force by the director of sanitation in conformity with this act, and which is approved as prescribed in section nine of this act shall be punished by a fine of not less than one nor more than one hundred dollars or imprisonment from one to thirty days, or with both penalties at the discretion of the court";

and to the decisions in the cases of *People* v. *Ortiz,* 29 P.R.R. 395, and .*The People* v. *Neagle,* 21 P.R.R. 339. In the latter of these cases the Court said:

"In *United States* v. *Grimaud,* 220 U. S., 506, an Act of Congress reserved certain forest lands and provided that the Secretary of Agriculture should make such rules and regulations and should establish such service as would insure the objects of such reservation, namely, to regulate their occupancy and use to preserve the forests thereon from destruction. The violation of a rule established by the Secretary of Agriculture was made a crime. In holding the statute constitutional, the court said:

" 'From the beginning of the Government various acts have been passed conferring upon executive officers power to make rules and regulations—not for the government of their departments, but

for administering the laws which did govern. None of these statutes could confer legislative power. But when Congress had legislated and indicated its will, it could give to those who were to act under such general provisions ''power to fill up the details'' by the establishment of administrative rules and regulations, the violation of which could be punished by fine or imprisonment fixed by Congress, or by penalties fixed by Congress or measured by the injury done.' ''

The appeal should be dismissed and the judgment appealed from affirmed.

Mr. Justice Wolf dissented.